# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYLEN ETHAN TASKER, Booking #13704798,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM GORE, Sheriff; DEPUTY GONZALEZ, #7265; DEPUTY McKELLEY, #7179; DEPUTY LEAVITT, #2720; and SAN DIEGO SHERIFF'S DEPARTMENT,<br><br>Defendants. | Civil No.   13cv2027 GPC (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) [ECF Doc. No. 2]**<br><br>**(2) DISMISSING DEFENDANTS GORE AND SAN DIEGO SHERIFF'S DEPARTMENT PURSUANT TO 28 U.S.C. § 1915(e)(2) & § 1915A(b)**<br><br>**AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT UPON REMAINING DEFENDANTS PURSUANT TO Fed.R.Civ.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

Raylen Ethan Tasker ("Plaintiff"), who is currently detained at George Bailey Detention Facility (GBDF) in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff claims several San Diego County Sheriff's Department Deputies failed to protect him from harm at the hands of fellow inmates in June 2012 at GBDF and left him "bleeding and seriously injured with head trauma" for 45 minutes after he was attacked a second time. *See* Compl. [ECF Doc. No. 1] at 3-4. Plaintiff demands a jury trial and seeks both general and punitive damages. (*Id.* at 7.)

Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF Doc. No. 2].

## I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the

---

[1] In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's statement shows an average monthly balance of $.17, an average monthly deposit of $25.00, and an available balance in his account of $1.03 at the time it was submitted to the Court for filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [ECF Doc. No. 2] and assesses an initial partial filing fee of $5.00 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Watch Commander of GBDF, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of

criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### A.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere

conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.  Improper Defendant

As an initial matter, the Court finds that to the extent Plaintiff includes the "San Diego Sheriff's Department" as a Defendant in the caption of his Complaint, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which § 1983 relief can be granted. A local law enforcement department (like the San Diego County Sheriff's Department) is not a proper defendant under § 1983. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

### C.  Respondeat Superior

In addition, Plaintiff names San Diego County Sheriff William Gore as a Defendant, but he fails to set forth any specific factual allegations with regard to Defendant Gore in the body of his Complaint. Thus, it appears that Plaintiff seeks to hold Sheriff Gore liable merely in his supervisory capacity over the individual Sheriff's Department Deputies who he claims failed to protect him from harm and failed to provide him with medial attention after he was attacked.

However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[V]icarious liability is inapplicable to . . . § 1983 suits."). Instead, a plaintiff "must plead that each government-official defendant, through the official's own

individual actions, has violated the Constitution." *Id.*; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *Starr*, 652 F.3d at 1207-08. As currently pleaded, however, Plaintiff's Complaint fails to include *any* "factual content that [would] allow[] the court to draw [a] reasonable inference" in support of an individualized constitutional claim against the Sheriff. *Iqbal*, 556 U.S. a 678. For this reason, Plaintiff's Complaint fails to state a claim upon which section 1983 relief can be granted as to Defendant Gore. *See* 28 U.S.C. § 1915(e)(2), § 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

**D. Remaining Claims**

Finally, the Court does find that Plaintiff's remaining failure to protect and inadequate medical treatment[2] claims *are* sufficiently pleaded to survive the sua sponte

---

[2] Plaintiff invokes the Eighth Amendment's prohibition of cruel and unusual punishments as the basis of his claims, *see* Compl. at 3, 4, but it is not clear whether he was a convicted prisoner or a pre-trial detainee at the time of his injury at GBDF. *See Whitley v. Albers,* 475 U.S. 312, 327 (1986) ("[T]he Eighth Amendment ... is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions."). However, pretrial detainees may raise conditions of confinement claims similar to those made by convicted persons under the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Redman v. County of San Diego*, 942 F.2d 1435, 1440, n.7 (9th Cir. 1991). The Ninth Circuit has held that the standard for analyzing the rights of pretrial detainees under the Due Process

screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, the Court will direct the U.S. Marshal to effect service of the summons and Plaintiff's Complaint upon San Diego Sheriff Deputies Gonzalez, McKelley, and Leavitt on Plaintiff's behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").[3]

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF Doc. No. 2] is **GRANTED**.

2. The Watch Commander of GBDF, or his designee, shall collect from Plaintiff's inmate trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on the Watch Commander, George Bailey Detention Facility, 446 Alta Rd., Suite 5300, San Diego, California, 92158-0002.

---

Clause is comparable to that under the Eighth Amendment. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).

[3] Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

**IT IS FURTHER ORDERED** that:

4. Defendants William Gore and the San Diego Sheriff's Department are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5. The Clerk shall issue a summons as to Plaintiff's Complaint [ECF Doc. No. 1] upon remaining Defendants San Diego Sheriff's Deputy Gonzalez #7265, Deputy McKelley # 7179, and Deputy Leavitt #2720, and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of them. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons so that he may serve each of these Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall timely serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

6. The served Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7. Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the

1  original paper to be filed with the Clerk of the Court a certificate stating the manner in
2  which a true and correct copy of any document was served on Defendants, or counsel for
3  Defendants, and the date of service.  Any paper received by the Court which has not been
4  filed with the Clerk or which fails to include a Certificate of Service will be disregarded.
5
6  DATED:  January 17, 2014
7
8  HON. GONZALO P. CURIEL
   United States District Judge